PAUL L. BROWN, Director, State Bureau of Facilities Management
You have requested my advice on the question of whether a state agency, engaging in "advance land acquisitions," is required to comply with the provisions of sec. 32.19, Stats., et seq.
You state in your letter that no particular construction project is involved in such acquisitions but that the lands are acquired for possible future construction sites. An example of "advance land acquisitions," sometimes commonly referred to as "hardship acquisitions," is where the University of Wisconsin System acquires parcels in close proximity to the campus for future campus expansion.
It is understood in answering that condemnation is not involved in these acquisitions although the agency may have such statutory authority. *Page 202 
It is implicit in your letter that you raise this question because "no specific project has been identified for the site."
The answer to your question is found in the language of sec.32.25 (1), Stats., which reads:
 "Relocation payment plan and assistance services. (1) Notwithstanding ch. 275, laws of 1931, or any other provision of law, no condemnor shall proceed with any property acquisition activities on any project which may involve acquisition of property and displacement of persons, business concerns or farm operations until the condemnor has filed in writing a relocation payment plan and relocation assistance service plan and has had both such plans approved in writing by the department of local affairs and development."
In my view, the word "project," as employed in the above section, does not necessarily mean a "construction project" or "building project." Many state projects do not involve construction projects, and I have particularly in mind land acquisition by the Department of Natural Resources as an example.
Further, it seems to me that land acquisition alone is a "project" in and of itself.
The purpose of the State Relocation Act is to provide additional benefits to displaced persons. The law does not distinguish between these persons displaced because of land acquisition alone or in conjunction with a particular building construction project.
Surely, state agencies do not purchase parcels promiscuously but must have some definite geographical limits in mind. Accordingly, it is my opinion that a plan should be filed pursuant to sec. 32.25, Stats., encompassing such areas of future use.
In this regard, I assume that the agency involved could prepare and submit a plan that is relevant and sufficiently detailed to fit the situation of "advance land acquisitions" and that the Department of Local Affairs and Development will recognize the situation for what it is and approve such a plan.
This opinion does not address the question of whether any particular grantor in the context of advance acquisitions is a "displaced person" within the meaning of sec. 32.19, Stats., etseq. *Page 203 
Such determination must be made on the facts surrounding each particular transfer of title.
RWW:CAB